MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

ALEXIS ALIN CARINO, JIMMY LINARES
CAZALES, and JONATHAN REYES
GALICIA, *individually and on behalf of others
similarly situated,*

                                *Plaintiffs*,

               -against-

CARVE FOOD EMPORIUM INC.   (D/B/A
CARVE CAFE), CARVE DELI ESLT LLC
(D/B/A CARVE CAFE), CARVE NEW YORK
LLC    (D/B/A    CARVE    CAFE),    ALI
MOHAMMED   ABDULA,   NAJMADEEM
ABDULA, RAFAEL FERNANDEZ, and ALI
JAMEEL,

                            *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Alexis Alin Carino, Jimmy Linares Cazales, and Jonathan Reyes Galicia,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Carve food Emporium Inc. (d/b/a Carve Cafe), Carve Deli ESLT LLC (d/b/a Carve Cafe),

Carve New York LLC (d/b/a Carve Cafe ), ("Defendant Corporations"), Ali Mohammed Abdula,

Najmadeem Abdula,  Rafael Fernandez, and  Ali Jameel, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are current and former employees of Defendants Carve food Emporium Inc. (d/b/a Carve Cafe), Carve Deli ESLT LLC (d/b/a Carve Cafe), Carve New York LLC (d/b/a Carve Cafe), Ali Mohammed Abdula, Najmadeem Abdula, Rafael Fernandez, and Ali Jameel.

2.      Defendants own, operate, or control two restaurants, located at 717 8th Avenue, New York, New York 10036 under the name "Carve Cafe" (hereinafter, the "717 location") and at 760 8th Ave., New York, New York 10036 under the name "Carve Café" (hereinafter, the "760 location").

3.     Upon information and belief, individual Defendants Ali Mohammed Abdula, Najmadeem Abdula, Rafael Fernandez, and Ali Jameel, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.     Plaintiffs have been employed as a cashier, a grill man, and a food preparer at the restaurants located at 717 8th Avenue, New York, New York 10036 and at 760 8th Ave., New York, New York 10036.

5.     At all times relevant to this complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

6.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

8.    Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two restaurants located in this district. Further, Plaintiffs have been by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.    Plaintiff Alexis Alin Carino ("Plaintiff Carino" or "Ms. Carino") is an adult individual residing in New York County, New York. Plaintiff Carino was employed by Defendants at Carve Cafe from approximately April 2014 until on or about October 2017.

16.    Plaintiff Jimmy Linares Cazales ("Plaintiff Linares" or "Mr. Linares") is an adult individual residing in New York County, New York. Plaintiff Linares was employed by Defendants at Carve Cafe from approximately February 2015 until on or about June 2018.

17.    Plaintiff Jonathan Reyes Galicia ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in New York County, New York. Plaintiff Reyes has been employed by Defendants at Carve Cafe from approximately May 2008, until the present date.

### *Defendants*

18.    At all relevant times, Defendants own, operate, or control two restaurants, located at 717 8th Avenue, New York, New York 10036 under the name "Carve Cafe" and at 760 8th Ave., New York, New York 10036 under the name "Carve Cafe".

19.    Upon information and belief, Carve Food Emporium Inc. (d/b/a Carve Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 717 8th Avenue, New York, New York 10036.

20.    Upon information and belief, Carve Deli ESLT LLC (d/b/a Carve Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 760 8th Ave., New York, New York 10036.

21.    Upon information and belief, Carve New York LLC (d/b/a Carve Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 760 8th Ave., New York, New York 10036.

22.    Defendant Ali Mohammed Abdula is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ali Mohammed Abdula is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ali Mohammed Abdula possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Najmadeem Abdula is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Najmadeem Abdula is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Najmadeem Abdula possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.   Defendant Rafael Fernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rafael Fernandez is sued individually in his capacity as a manager of Defendant Corporations. Defendant Rafael Fernandez possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.   Defendant Ali Jameel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ali Jameel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ali Jameel possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.   Defendants operate two restaurants located in the Midtown West section of Manhattan in New York City.

27.    Individual Defendants, Ali Mohammed Abdula, Najmadeem Abdula, Rafael Fernandez, and Ali Jameel, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possess or possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.    Defendants have jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Ali Mohammed Abdula, Najmadeem Abdula, and Ali Jameel operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.   At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.   In each year from 2012 to 2018, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.   In addition, upon information and belief, Defendants and/or their enterprise have directly engaged in interstate commerce. As an example, numerous items that have been used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are current and former employees of Defendants who have been employed as cashiers, grill men and food preparers.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alexis Alin Carino*

38.    Plaintiff Carino was employed by Defendants from approximately April 2014 until on or about October 2017.

39.    Defendants employed Plaintiff Carino as a cashier at the 760 location.

40.    Plaintiff Carino regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Carino's work duties required neither discretion nor independent judgment.

42.    Throughout her employment with Defendants, Plaintiff Carino regularly worked in excess of 40 hours per week.

43.    From approximately April, 2014 until on or about December 2015, Plaintiff Carino worked from approximately 10:00 a.m. until on or about 4:30 p.m., Mondays and Tuesdays and from approximately 4:00 p.m. until on or about 12:00 a.m., Thursdays through Sundays (typically 46 hours per week).

44.    From approximately January 2016 until on or about July 2017, Plaintiff Carino worked from approximately 11:00 a.m. until on or about 11:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 9:00 p.m., 2 days a week (typically 63 to 72 hours per week).

45.    From approximately August 2017 until on or about October 2017, Plaintiff Carino worked from approximately 11:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 3 days a week and

from approximately 11:00 a.m. until on or about 3:00 p.m., 3 days a week (typically 40 to 42 hours per week).

46.     Throughout her employment, Defendants paid Plaintiff Carino her wages in a combination of check and cash.

47.     From approximately April 2014 until on or about December 2016, Defendants paid Plaintiff Carino $9.00 per hour.

48.     From approximately January 2017 until on or about October 2017, Defendants paid Plaintiff Carino $11.00 per hour.

49.     Plaintiff Carino's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

50.     For example, Defendants required Plaintiff Carino to work an additional 30 minutes past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

51.     Defendants never granted Plaintiff Carino uninterrupted breaks or meal periods.

52.     Prior to January 2015, Plaintiff Carino was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Carino regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Carino an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Carino, in English and in Spanish (Plaintiff Carino's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jimmy Linares Cazales*

56.     Plaintiff Linares was employed by Defendants from approximately February 2015 until on or about June 2018.

57.     Defendants employed Plaintiff Linares as a grill man at the 760 location.

58.     Plaintiff Linares regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Linares's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Linares regularly worked in excess of 40 hours per week.

61.     From approximately February 2015 until on or about December 2016, Plaintiff Linares worked from approximately 8:00 a.m. until on or about 4:00 p.m. to 4:30 p.m., 6 days a week (typically 48 to 51 hours per week).

62.     From approximately January 2017 until on or about December 2017, Plaintiff Linares worked from approximately 1:00 p.m. until on or about 10:00 p.m. to 11:00 p.m., 6 days a week (typically 57 to 60 hours per week).

63.     From approximately January 2018 until on or about June 2018, Plaintiff Linares worked from approximately 3:00 p.m. until on or about 11:00 p.m. to 12:00 a.m., 6 days a week (typically 60 to 63 hours per week).

64.     Throughout his employment, Defendants paid Plaintiff Linares his wages in cash.

65.     From approximately February 2015 until on or about December 2016, Defendants paid Plaintiff Linares $10.50 per hour.

66.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Linares $11.00 per hour.

67.     From approximately January 2018 until on or about June 2018, Defendants paid Plaintiff Linares $13.50 per hour.

68.     Plaintiff Linares's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

69.     For example, Defendants required Plaintiff Linares to work an additional 30 minutes to 1 hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

70.     Defendants required Plaintiff Linares to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

71.     In fact, Defendants required Plaintiff Linares to sign a notebook containing only the dates and the amount he was being paid.

72.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Linares regarding overtime and wages under the FLSA and NYLL.

73.     Defendants did not provide Plaintiff Linares an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants did not give any notice to Plaintiff Linares, in English and in Spanish (Plaintiff Linares's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.   Defendants required Plaintiff Linares to purchase "tools of the trade" with his own funds—including two or three shirts every month.

*Plaintiff Jonathan Reyes Galicia*

76.   Plaintiff Reyes has been employed by Defendants from approximately May 2008 until the present date.

77.   Defendants have employed Plaintiff Reyes as a food preparer at the 760 and 717 locations.

78.   Plaintiff Reyes has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

79.   Plaintiff Reyes's work duties have required neither discretion nor independent judgment.

80.   Throughout his employment with Defendants, Plaintiff Reyes has regularly worked in excess of 40 hours per week.

81.   From approximately September 2012 until on or about November 2012, Plaintiff Reyes worked at the 760 location from approximately 5:00 p.m. until on or about 2:00 a.m., 6 days a week (typically 66 hours per week).

82.   From approximately December 2012 until on or about September 2013, Plaintiff Reyes worked at the 760 location from approximately 6:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 66 hours per week).

83.   From approximately October 2013 until on or about December 2017, Plaintiff Reyes worked at the 717 location from approximately 3:00 a.m. until on or about 12 p.m., 6 days a week (typically 54 hours per week).

84.    From approximately January 2018 until on or about the present date, Plaintiff Reyes has worked at the 717 location from approximately 9:00 a.m. until on or about 3:00 p.m., 6 days a week (typically 32 to 36 hours per week).

85.    From approximately September 2012 until on or about December 2017, Defendants paid Plaintiff Reyes his wages in cash.

86.    From approximately January 2018 until the present date, Defendants have paid Plaintiff Reyes his wages by personal check.

87.    From approximately September 2012 until on or about December 2013, Defendants paid Plaintiff Reyes $7.50 per hour.

88.    From approximately January 2014 until on or about December 2015, Defendants paid Plaintiff Reyes $8.50 per hour.

89.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Reyes $11.00 per hour.

90.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Reyes $12.00 per hour.

91.    From approximately January 2018 until the present date, Defendants have paid Plaintiff Reyes $13.00 per hour.

92.    For approximately 3 days, Defendants did not pay Plaintiff Reyes any wages for his work.

93.    Plaintiff Reyes's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

94.    For example, Defendants have required Plaintiff Reyes to work an additional 30 minutes past his scheduled departure time four days a week, and have not paid him for the additional time he has worked.

95.    Prior to the summer of 2016, Plaintiff Reyes was not required to keep track of his time, nor to his knowledge, did the Defendants utilized any time tracking device such as punch cards, that has accurately reflected his actual hours worked.

96.    In fact, Defendants have usually modified the hours that Plaintiff Reyes has worked.

97.    Defendants have required Plaintiff Reyes to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

98.    On a number of occasions, Defendants have required Plaintiff Reyes to sign a document, the contents of which he has not been allowed to review in detail.

99.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

100.    Defendants have not provided Plaintiff Reyes an accurate statement of wages, as required by NYLL 195(3).

101.    Defendants have not given any notice to Plaintiff Reyes, in English and in Spanish (Plaintiff Reyes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

102.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

103.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

104.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

105.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

106.    Prior to the summer of 2016, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

107.    Defendants have required Plaintiffs to sign documents the contents of which they have not been allowed to review in detail.

108.    Defendants have paid Plaintiffs their wages in cash, in a combination of check and cash and by personal checks.

109.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

110.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

111.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

112.    Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated workers.

113.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

114.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

115.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

116.    At all relevant times, Plaintiffs, and other members of the FLSA Class, have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

117.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), have controlled the terms and conditions of their employment, and have determined the rate and method of any compensation in exchange for their employment.

120.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

121.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122. Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

123.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

124.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

127.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

128.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire

Plaintiffs, have controlled the terms and conditions of their employment, and have determined the rates and methods of any compensation in exchange for their employment.

131.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

132.    Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

133.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

136.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

137.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

140.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of NYLL § 663.

141.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>SIXTH CAUSE OF ACTION</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

142.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

144.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<u>SEVENTH CAUSE OF ACTION</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

145.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

147.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

148.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

149.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

150.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

151.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

152.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

153.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA have been willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order have been willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
            October 9, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:          /s/ Michael Faillace          
              Michael Faillace [MF-8436]
              60 East 42nd Street, Suite 4510
              New York, New York 10165
              Telephone: (212) 317-1200
              Facsimile: (212) 317-1620
              *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 17, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jonathan Reyes Galicia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     17 de septiembre 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jimmy  Linares

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          6 de Septiembre, de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 30, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Alexis Alin Cariño

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:            30 de agosto 2018

*Certified as a minority-owned business in the State of New York*